UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>      Plaintiff,<br><br>      v.<br><br>ACEF MARTIN FOLSOM LLC,<br><br>      Defendants. | No.  2:23–cv–2816–TLN–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

**Analysis**

Here, plaintiff's complaint alleges that plaintiff and defendant have "a contractual arrangement" that plaintiff appears to dispute, though the complaint does not state the nature of the contract. However, the complaint states that this contract is "fundamentally a promissory note, thus qualifying it as a security . . . under UCC-3-604 regarding the cancellation of debt." The complaint cites as the basis of plaintiff's claim 41 U.S.C. § 6503 "Breach of Contract and Securities Fraud," as well as a "Bills of Exchange Act of 1882," and seeks damages in the "amount of contract $8,000," among other relief.  (See ECF No. 1.)

Plaintiff's complaint does not allege sufficient facts from which the court can draw a reasonable inference that a claim exists here, thereby requiring dismissal.  The statute plaintiff cites, 41 U.S.C. § 6503 only applies to cases of "breach or violation of a representation or stipulation included in a contract under section 6502 of this title."  Title 41 U.S.C. § 6502 applies to contracts "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000."  Defendant appears to be in the business of real estate and is not the U.S. government.  Further, plaintiff's citation to a "Bills of Exchange Act of 1882" appears legally frivolous on its face.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (noting a claim is legally frivolous when it lacks an arguable basis either in law or in fact).

Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile.  Cahill, 80 F.3d at 339.  Plaintiff's complaint appears to concern a simple contract action, which is a matter for the California Superior Courts and not one presenting a federal question.  28 U.S.C. § 1331.  Further, both plaintiff and defendant are citizens of California, and so no diversity jurisdiction can lie here.  28 U.S.C. § 1332.[2]

---

[2] To the extent this case concerns a lease or rental of plaintiff's residence, plaintiff has been informed before that such issues do not present matters for the federal courts.  (See Davis v. Heritage Park Apartments, LP, 2:23-cv-00192-KJM-KJN, at ECF No. 4 ("To the extent plaintiff challenges the terms of the rental agreement, the court has no jurisdiction to hear such claims as

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED. Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 7, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

davi.2816

---

they do not present a federal question and diversity jurisdiction does not exist, as the parties are both citizens of California.").)